Electronically Filed
1/4/2021 3:20 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**RAMZY PAUL LADAH, ESQ**.
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
T: 702.252.0055
Attorneys for Plaintiff

CASE NO: A-21-827324-C
Department 29

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| GARY BERNSTEIN, | CASE NO. |
| Plaintiff, | DEPT. NO. |
| vs. | |
| BLAKE REIDHEAD INC dba BDR TRANSPORT; STEVEN THOMAS WEST; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive, | **COMPLAINT** |
| Defendants. | |

COMES NOW, Plaintiff GARY BERNSTEIN by and through his counsel of record RAMZY P. LADAH, ESQ., with the LADAH LAW FIRM, and for his claims of relief against the Defendants, and each of them, alleges and complains as follows:

**JURISDICTION**

1.  At all times relevant hereto, Plaintiff GARY BERNSTEIN ("BERNSTEIN") was and still is a resident of the County of Clark, State of Nevada.

2.  That upon information and belief, at all times relevant hereto, Defendant BLAKE REIDHEAD INC dba BDR TRANSPORT ("BDR") was and still is a company licensed to do business in the State of Nevada.

0513

3. At all times relevant hereto, Defendat STEVEN THOMAS WEST ("WEST") was and still is a resident of the State of Arizona.

4. That the true names and capacities of the Defendants DOES I through XX, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believe and thereon allege that each of the Defendants designated as DOES I through XX are owners, operators and/or individuals or agencies otherwise within possession and control of the motor vehicle herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto. Plaintiff is informed, believe and thereon allege that Defendants ROE BUSINESS ENTITIES I through XX, are owners of the motor vehicle herein alleged and/or are in some manner responsible for the actions of its employees and/or assigns of Defendants designated as ROE BUSINESS ENTITIES I through XX. Plaintiff is informed, believe and thereon allege that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

**GENERAL ALLEGATIONS**

5. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

6. At all times relevant hereto, particularly on or about January 28, 2019 Plaintiff was a restrained driver in Plaintiff's vehicle, driving eastbound on 215 Fwy near Valley Verde, in Clark County, Nevada.

7. At all times relevant hereto, Defendant WEST, who was operating Defendants' vehicle, failed to operate his vehicle safely, failed to maintain his vehicle within his lane and

caused a collision with Plaintiff at a high rate of speed. Defendants' collision therein caused injuries to the Plaintiff.

8.  At all times relevant hereto, Defendants BDR owned, maintained, and controlled Defendants' vehicle, which was driven by Defendant WEST.

9.  At all times relevant hereto, Defendant WEST, were operating Defendants' vehicle with the consent, permission and acquiescence of Defendants BDR.

10. Defendant WEST was within the course and scope of his employment and agencwith all other Defendants.

11. At all times relevant hereto, Plaintiff sustained significant injuries as a result of Defendants' actions and the aforesaid collision.

## FIRST CAUSE OF ACTION
**(Negligence / Negligence Per Se)**

12. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

13. At all times relevant hereto, Defendants negligently operated their vehicle to cause a collision, resulting in significant injuries to Plaintiff.

14. At all times relevant hereto, Nevada Revised Statutes – specifically NRS 484B.600, and NRS 484B.603, *et seq.* - were designed and enacted to protect a class of persons, in particular motorists, to which Plaintiff belonged, and Plaintiff's damages were the type of harm the Nevada Revised Statutes were designed and enacted to prevent.

15. As a result of Defendants' aforesaid negligent actions and/or failures to act, Defendants violated Nevada Revised Statutes and is, therefore, negligent per se.

16. As direct and proximate result of Defendants' aforesaid actions and omissions, Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and injury to his person, all of which has caused and will continue to cause Plaintiff pain and suffering.

17. As a direct and proximate result of Defendants' aforesaid actions and omissions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, medical expenses, and future medical expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

18. As a direct and proximate result of Defendants' aforesaid actions and omissions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
**(Negligent Entrustment / Joint & Several Liability / Agency Respondeat Superior / Vicarious Liability)**

19. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

20. At all times relevant hereto, Defendant BDR owned, maintained, and controlled Defendants' vehicle, which was driven by Defendant WEST.

21. At all times relevant hereto, Defendants BDR and/or its agents or assigns negligently, carelessly and recklessly allowed Defendant WEST to drive a vehicle owned/maintained by Defendant BDR.

22. At all times relevant hereto, BDR and/or its agents or assigns negligently, carelessly and recklessly maintained and controlled its agents/assigns, thereby causing the subject accident.

23. At all times relevant hereto, Defendant WEST was acting within the course and scope of his employment, services or agency with Defendant BDR when the subject collision occurred and at all times relevant and mentioned herein.

24. At all times relevant hereto, Defendants were acting within the course and scope of their employment, services or agency with Defendant BDR when the subject incident occurred and

acted negligently, thus each and every other Defendant, including but not limited to, Defendant BDR, and DOE and ROE Defendants, are vicariously liable for the injuries sustained by Plaintiff as alleged herein.

25. At all times relevant hereto, the individual Defendants named herein, including but not limited to Defendants, were acting within the course and scope of their employment, services or agency with the corporate Defendants named herein when the subject incident occurred and acted negligently and with a "conscious disregard," each and every other Defendant, including DOE and ROE BUSINESS ENTITY Defendants and Defendant BDR are vicariously liable for the injuries sustained by Plaintiff as alleged herein.

26. At all times relevant hereto, All Defendants named herein are agents, partners, co-partners, co-agents, and were the agents, servants, employees, joint-venturers, and copartners of their said co-Defendants and, as such, were acting within the course and scope of such agency, service partnership, venture, and employment at all times herein mentioned; that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant, as its agent, servant, employee, joint-venturer and partner.

27. As a direct and proximate result of the aforesaid acts and/or inactions of Defendant BDR and/or its agents or assigns were breaches of the duty of reasonable care owed by Defendants to the general public, and in particular to Plaintiff.

28. As direct and proximate result of Defendants' aforesaid actions, Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and injury to his person, all of which has caused and will continue to cause Plaintiff pain and suffering.

29. As a direct and proximate result of Defendants' aforesaid actions, Plaintiff has incurred and continue to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, and future medical

expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

30. As a direct and proximate result of Defendants' aforesaid actions and omissions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
(**Negligent Hiring, Training, Supervision and Policies/Procedures**)

31. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

32. Defendants, and each of them, acted negligently, among other reasons in failing to do the following:

    i. Establish and implement proper policies and procedures for employees, staff and agents working for Defendants;

    ii. Establish and implement proper policies and procedures for safely operating Defendants' vehicle(s);

    iii. Establish and implement proper policies and procedures for obeying the laws and rules of the road;

    iv. Properly, responsibly and prudently hire employees;

    v. Properly, responsibly and prudently investigate employees before hiring them;

    vi. Properly, responsibly and prudently supervise and/or manage employees once they were hired;

    vii. Properly, responsibly and prudently train employees or instruct them as to their duties;

    viii. Properly, responsibly and prudently monitor and regulate the conduct of employees;

      ix.    Properly, responsibly and prudently delegate driving responsibilities to employees, agents, DOE Defendants or ROE BUSINESS ENTITIES;

      x.    Properly, responsibly and prudently set up mechanisms to ensure that all Defendants' drivers are reasonably prudent to operate Defendants' vehicles on public roadways.

33.    As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff was injured in his health, strength and activity, sustaining shock and injury to his body and person, all of which have caused, and will continue to cause, the Plaintiff physical, mental, and nervous pain and suffering.

34.    As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, lost wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

35.    As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff prays for relief against the Defendants, and each of them, for each cause of action as follows:

1.    For general damages and loss in an amount in excess of $15,000.00;

2.    For special damages in an amount in excess of $15,000.00;

3.    For property damages;

4.    Interest and costs incurred by the Plaintiff in bringing these claims;

5.   For attorney's fees and costs; and

6.   For such other and further relief as the Court may deem just and proper.

DATED this 4th day of January, 2021.

**LADAH LAW FIRM**

*/s/ Ramzy Ladah*

RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
517 S. Third Street
Las Vegas, NV 89101
Attorneys for Plaintiff